**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>STERILIZATION SERVICES OF TENNESSEE, INC.,<br><br>*Debtor/Debtor-in-Possession.* | Case No. 26-18454<br>Chapter 11<br>Hon. David H. DeCelles |
| AMERICAN HOME ASSURANCE COMPANY; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY; AIG SPECIALTY ASSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; NEW HAMPSHIRE INSURANCE COMPANY; AXIS INSURANCE COMPANY; AXIS SURPLUS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; WESTCHESTER FIRE INSURANCE COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS; THE TRAVELERS INDEMNITY COMPANY; ST. PAUL SURPLUS LINES INSURANCE COMPANY; and ADMIRAL INSURANCE COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHATHAM CORPORATION; ALTAIR CORPORATION; ALTAIR ENGINEERING INC.; HURLETON INCORPORATED; VACUDYNE INCORPORATED; STERILIZATION SERVICES FACILITY, INC.; STERILIZATION SERVICES OF TENNESSEE, INC.; ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR-IN-INTEREST TO NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY, FORMERLY NORTHBROOK INSURANCE COMPANY; HARTFORD ACCIEDNT AND | Adv. No. ______________ |



20931\00002\4899-0247-3438.v1

| | |
|---|---|
| INDEMNITY COMPANY; FIRST STATE INSURANCE COMPANY; NEW ENGLAND INSURANCE COMPANY, AS SUCCESSOR-IN-INTEREST TO NEW ENGLAND REINSURANCE CORPORATION, and NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) |
| *Defendants.* | ) |
| TIG INSURANCE COMPANY (as successor-in-interest to International Insurance Company and Acceptance Insurance Company), | ) |
| *Plaintiff,* | ) |
| v. | ) |
| CHATHAM CORPORATION; ALTAIR CORPORATION; ALTAIR ENGINEERING, INC.; HURLETON INCORPORATED; VACUDYNE INCORPORATED; STERILIZATION SERVICES FACILITY, INC.; STERILIZATION SERVICES OF TENNESSEE, INC., | ) |
| *Defendant.* | ) |

## NOTICE OF REMOVAL

**To the Clerk of the United States Bankruptcy Court for the Northern District of Illinois:**

NOW COMES, Debtor/Debtor-in-Possession, STERILIZATION SERVICES OF TENNESSEE, INC. (the "Debtor"), by and through its attorneys, pursuant to 28 U.S.C. § 1452(a), 28 U.S.C. § 1332(a), 28 U.S.C. § 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure and Rule 9027-2 of this Court's Local Rules, and submits this Notice of Removal of the litigation described more fully below, stating as follows:

## Introduction

1. On November 4, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this Chapter 11 case.

2. The Debtor is operating its business and managing its financial affairs as debtor-in-possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this Chapter 11 case.

3. The statutory predicates for the removal requested herein are 28 U.S.C. § 1452(a), 28 U.S.C. § 1332(a), 28 U.S.C. 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure and Rule 9027-2 of the Local Rules of this Court.

## Background

4. The Debtor is a corporation formed and in good standing under the laws of the State of Tennessee. The Debtor is also authorized to transact business in the State of Illinois. The Debtor's primary business premises is at 350 Barclay Boulevard, Lincolnshire, Illinois 60069.

5. The Debtor's sole shareholder is Altair Corporation, which is a subsidiary of Chatham Corporation.

6. On September 1, 2026, the Debtor's Board of Directors authorized the Debtor to, among other things, retain Gregg Szilagyi of Tailwind Services, Inc. as Chief Restructuring Officer ("CRO"), to assist the Debtor with any and all matters relating to the Debtor's assets, liabilities, financial affairs and business matters as well as with respect any chapter 11 filing by the Debtor (the "Case").

7. The Debtor previously operated its business from facilities located at 2396 Florida Street, Memphis, Tennessee and various surrounding buildings (the "Memphis Facility"). The

Debtor was in the business of sterilizing medical equipment while using the chemical Ethylene Oxide ("EtO").

8. The Debtor voluntarily terminated its business operations in April of 2024 and relinquished possession of the Memphis Facility to the landlord, the Louis Dreyfus Cotton Storage, LLC (the "Landlord") in June 2024. Business operations were terminated by the Debtor due to the unwillingness of the Landlord to extend or renew the Debtor's lease of the Memphis Facility.

**The State Court Litigation**

9. The Debtor and certain affiliates have been sued by hundreds of individuals in Tennessee (the "Underlying Claimants") who purport to allege bodily injuries, property damage, or personal injury against the Debtor and certain affiliates resulting from exposure to EtO emissions that purportedly came from the Debtor's sterilization facility in South Memphis, Tennessee (the "Underlying Claims"). The Debtor and its affiliates have sought coverage for defense and indemnity coverage under policies of insurance issued by various insurers.

10. On July 15, 2024, American Home Assurance Company, American International Specialty Lines Insurance Company, AIG Specialty Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., New Hampshire Insurance Company, Axis Insurance Company, Axis Specialty Insurance Company, Axis Surplus Insurance Company, Zurich American Insurance Company, Steadfast Insurance Company, Westchester Fire Insurance Company, Travelers Property Casualty Insurance Company of America f/k/a The Travelers Indemnity Company of Illinois, The Travelers Indemnity Company, St. Paul Surplus Lines insurance Company and Admiral Insurance Company (the "2024 Insurer Plaintiffs") filed an action in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, against the Debtor, Chatham Corporation, Altair Corporation, Altair Engineering, Inc., Hurleton Incorporated,

Vacudyne Incorporated, Sterilization Services Facility, Inc. (collectively, the "2024 Affiliate Defendants") and Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess & Surplus Insurance Company, formerly Northbrook Insurance Company, Hartford Accident and Indemnity Company, First State Insurance Company, New England Insurance Company, as successor-in-interest to New England Reinsurance Corporation, and Navigators Specialty Insurance Company (collectively, the "2024 Insurer Defendants") in the case commonly referred to as *American Home Assurance Company, et al. v. Chatham Corporation, et al.*, Lake County, Illinois case no. 2024 MR 00000313 (the "2024 Insurance Coverage Litigation"). In the 2024 Insurance Coverage Litigation, the 2024 Insurer Plaintiffs seek a declaration that they have no duty to defend or indemnify the 2024 Affiliate Defendants under insurance policies issued by the 2024 Insurer Plaintiffs in connection with the Underlying Lawsuits.

11. On August 12, 2026, TIG Insurance Company (individually, the "2026 Insurer Plaintiff" and collectively with the 2024 Insurer Plaintiffs, the "Insurer Plaintiffs") filed an action in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, against the Debtor, Chatham Corporation, Altair Engineering, Inc., Hurletron Incorporated, Vacudyne Incorporated and Sterilization Services Facility, Inc. (collectively, the "2026 Affiliate Defendants", and collectively, with the 2024 Affiliate Defendants, the "Affiliate Defendants") in the case commonly referred to as *TIG Insurance Company v. Chatham Corporation, et al.*, Lake County, Illinois case no. 2026 MR 00000393 (individually, the "2026 Insurance Coverage Litigation", and collectively, with the 2024 Insurance Coverage Litigation, the "Insurance Coverage Litigation"). In the 2026 Insurance Coverage Litigation, the 2026 Insurer Plaintiff seeks a declaration that they have no duty to defend or indemnify the 2024 Affiliate Defendants under insurance policies issued by the 2024 Insurer Plaintiffs in connection with the Underlying Lawsuits.



20931\00002\4899-0247-3438.v1

12. On September 29, 2026, an agreed order was entered which provided for, among other things, the consolidation the Insurance Coverage Litigation under the lead case number 2024 MR 00000313. A copy of the order consolidating the Insurance Litigation is attached hereto as **Exhibit A**.

**BASIS FOR REMOVAL OF THE INSURANCE COVERAGE LITIGATION**

**Removal is authorized under 28 U.S.C. § 1452 and 28 U.S.C. § 13334(b)**.

13. The Insurance Coverage Litigation may be removed to this Court pursuant to 28 U.S.C. § 1452, which provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 152(a).

14. Pursuant to 28 U.S.C. § 1334, this Court has original jurisdiction over all civil proceedings "arising under title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). The Seventh Circuit has explained that the "related to" category encompasses two types of cases. First, it includes "tort, contract and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 59, 161 (7th Cir. 1994) *citing In re Xonics*, 813 F.2d 127, 131 (7th Cir. 1987). Second, it can "force into the bankruptcy court suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate." *Id.* at 161-62.

15. This Court has jurisdiction over the Insurance Coverage Litigation pursuant to the delegation of original jurisdiction over matters "related to" the Chapter 11 case in 28 U.S.C. § 1334(b).

16. The Insurance Coverage Litigation involves claims by the Insurer Plaintiffs against the Debtor seeking a determination as to whether the insurance contracts between the Debtor and the Insurer Plaintiffs require the Insurer Plaintiffs to insure and/or indemnify the Debtor for any losses it may incur as the result of the Underlying Claims. Thus, the Insurance Coverage Litigation is, at its core, a contractual dispute to which the Debtor is a party that is squarely within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). Furthermore, the determination of the Insurance Coverage Litigation will necessarily affect the amount of property in the bankruptcy estate, as any insurance coverage that is triggered as the result of the Insurance Coverage Litigation (including by a determination that the Insurer Plaintiffs must cover the Debtor's cost of defense of the Underlying Claims) will result in additional funds being available to be administered for the benefit of creditors.

17. The Insurance Coverage Litigation is a civil action within the meaning of 28 U.S.C. § 1452 because it consists of two consolidated private party disputes between the Insurer Plaintiffs and the Debtor and the Affiliate Defendants in which the Insurer Plaintiffs seek a declaration as to the parties respective rights and duties under private insurance contracts.

18. The Insurance Coverage Litigation is not an action before the Tax Court or a civil action brought by a governmental unit to enforce such governmental unit's police or regulatory power.

19. Based on the foregoing, the Insurance Coverage Litigation may be removed to this Court pursuant to 28 U.S.C. § 1452.

**<u>This Notice of Removal is timely</u>**.

20. Rule 9027(a) of the Federal Rules of Bankruptcy Procedure provides that:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the **longest of** (A) **90 days after the order for relief in the case under the Code**; (B) 30 days after the entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code; or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2) (emphasis added).

21. The Petition Date and the date of the entry of the Order for Relief were November 4, 2026. No order has been entered terminating any stay with respect to the Insurance Coverage Litigation. No trustee has been appointed to serve in this Chapter 11 case. The Debtor is well-within its 90-day window to seek removal of the Insurance Coverage Litigation to this Court.

**<u>All other removal prerequisites have been satisfied</u>**.

22. Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure provides:

> A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to the entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

Fed. R. Bankr. P. 9027(a)(1). Additionally, Rule 9027-2(A) of the Local Rules of this Court requires that a "party desiring to remove to this court, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027, a civil action or proceeding from a state court in this district must file all required papers with the clerk." Local Rule 9027-2(A).

23. The filing of this Notice of Removal in this Court is proper. "The general order of reference entered by our District Court referred all bankruptcy matters to the bankruptcy judges

and court under 28 U.S.C. § 157(a) and ***allow applications for removal to be filed directly with the Clerk of the bankruptcy court.***" *In re Chapman*, 132 B.R. 153, 156 (Bankr. N.D. Ill. 1991)(emphasis added). Under Rule 9027(a)(1), the Notice must be filed with the clerk for the district and division where the underlying civil action is pending. Since the State Court Action is pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, is the proper court for removal.

24. Pursuant to Rule 9027(a)(1), the Debtor affirmatively states that it consents to the entry of final orders and/or judgment(s) in the Insurance Coverage Litigation by this Court.

25. Pursuant to Rule 9027(a)(1), copies of all pleadings, consisting of the original complaint in the 2024 Insurance Coverage Litigation, the pending first amended complaint in the 2024 Insurance Coverage Litigation, answers and affirmative defenses to the first amended complaint in the 2024 Insurance Coverage Litigation, responses/replies to affirmative defenses in the 2024 Insurance Coverage Litigation, counterclaims in the 2024 Insurance Coverage Litigation answers to counterclaims in the 2024 Insurance Coverage Litigation and the pending complaint in the in the 2026 Insurance Coverage Litigation are attached hereto as **Group Exhibit B**. The Debtor and the 2026 Affiliate Defendants have not yet answered the pending complaint in the 2026 Insurance Coverage Litigation. Copies of the Waivers of Service of Summons issued by the Debtor and the 2026 Affiliate Defendants relating to the 2026 Insurance Coverage Litigation are attached hereto as **Exhibit C**.

26. Pursuant to Rule 9027(b), the Debtor is serving a copy of this Notice of Removal upon all parties to the Insurance Coverage Litigation, including the Insurer Plaintiffs, the Affiliate Defendants and the 2024 Insurer Defendants.

27. Pursuant to Rule 9027(c), the Debtor will promptly file a copy of this Notice with the Clerk of Court for the Circuit Court of Nineteenth Judicial Circuit, Lake County, Illinois.

28. Pursuant to Local Rule 9027-2(B), the Debtor will file a copy of all records and proceedings in the Insurance Coverage Litigation with the Clerk of this Court within 21 days of the filing of this Notice of Removal. Local Rule 9027-2(B).

**CONCLUSION**

29. For the foregoing reasons, the Debtor gives notice that the Insurance Coverage Litigation has been removed from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, being the district and division for the county in which the Insurance Coverage Litigation has previously been pending, and the Debtor respectfully requests that this action proceed as properly removed to this Court.

Respectfully submitted:

Sterilization Services of Tennessee, Inc., *Debtor/Debtor-in-Possession*

By:/s/ *Brian P. Welch*___________________
One of its attorneys

**DEBTOR'S COUNSEL:**
David K. Welch (No. 06183621)
dwelch@burkelaw.com
Brian P. Welch (No. 06307292)
bwelch@burkelaw.com
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611
Tel: 312.840.7000 -- Fax: 312.840.7900